IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MICHAEL DARROW MASON,
THE LOGOS, and
THE LOGOS TRUST

    Plaintiffs,

v.                                                                    Case No. 2:25-cv-2774-MSN-tmp

THOMAS E. TUGGLE, II, et al.,

    Defendants.

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**
_____

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 11, "Report") entered on December 5, 2025. The Report recommends that Plaintiff's Complaint be dismissed. On December 15, 2025, Plaintiff filed a "Notice of Prime Soul Contract Notice of Fiduciary Duty Respondent(s) Notice of Performance Deadline for Respondent(s)/Fiduciaries Notice of Liquidation and Foreclosure" (ECF No. 12), which the Court construes as objections to the Report. As set forth below, Plaintiff's objections are **OVERRULED**, and the Report is **ADOPTED** in its entirety.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

The Magistrate Judge recommends dismissal because Plaintiff failed to either pay the filing fee or a motion for leave to proceed *in forma pauperis* and because Plaintiff's claims are frivolous. (ECF No. 11 at PageID 62–63.)

Plaintiff's objections do not satisfy the requirements of Federal Rules of Civil Procedure 72(b)(2). Rather than identifying factual or legal errors in the Chief Magistrate Judge's analysis, Plaintiff reiterates the same invented claims and procedures included in the Complaint. For example, Plaintiff says that, "The Debtors must return energy back to The Source, the Creditor. All energy has to return to its source. . .**This is Universal Natural LAW**." (ECF No. 12 at PageID 65 (emphasis in original).) And that, "All previous soul contracts have been rescinding, cancelled, and terminated." (*Id.*) Neither Plaintiff's Complaint nor his objections establish that this Court has subject matter jurisdiction over his unsubstantiated and frivolous claims.

Accordingly, Plaintiff's objections (ECF No. 12) are **OVERRULED**. The Chief Magistrate Judge's Report and Recommendation (ECF No. 11) is **ADOPTED** in its entirety. Plaintiff's Complaint is therefore **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**, this 30th day of January, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE